Eastern District of Kentucky
FILED
DEC 0 1 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-34-KSF

UNITED STATES OF AMERICA,     PLAINTIFF

V.     **MEMORANDUM ORDER**

EAST KENTUCKY POWER
COOPERATIVE, INC.,     DEFENDANT

\* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On January 28, 2004, plaintiff filed this action against defendant East Kentucky Power Cooperative, Inc. ("EKPC"), pursuant to Sections 113(b) and 167 of the Clean Air Act ("the Act"), 42 U.S.C. §§ 7413(b) and 7477, for injunctive relief and the assessment of civil penalties for violations of the Prevention of Significant Deterioration ("PSD") provisions of the Act, 42 U.S.C. §§ 7470-92, the New Source Performance Standards ("NSPD") of the Act, 42 U.S.C. § 7411, Title V of the Act, 42 U.S.C. § 7661 *et seq.*, and the State Implementation Plan ("SIP") adopted by the Commonwealth of Kentucky and approved by the United States Environmental Protection Agency ("EPA") pursuant to § 110 of the Act, 42 U.S.C. § 7410.

Plaintiff alleges that various violations of the Act occurred at the following three plants: Spurlock Steam Plant, Unit No. 2; Dale Steam Plant, Unit No. 4, 1994-1995 Project; Dale Steam Plant No. 3, 1996 Project.

Plaintiff seeks injunctive relief, an Order directing EKPC to remedy its past violations of the Act and to otherwise comply with the Act, an Order directing EKPC to conduct audits of its operations to determine if any additional modifications have occurred that would require compliance with the Act and to report the results of these audits to the plaintiff, an Order directing EKPC to take other appropriate actions to remedy, mitigate, and offset the harm to public health and the

environment resulting from its violations of the Act, the assessment of statutory, civil penalties against EKPC for its violations of the Act, and its costs of this action.

This matter is before the court on the defendant's motion, filed pursuant to Fed.R.Civ.P. 26, for a protective order limiting plaintiff's discovery to the claims and defenses related to the three projects identified in the complaint that are the basis for this action against EKPC, *viz.*, work performed at defendant's Spurlock Unit No. 2 in 1992 to extract steam and supply it to an adjacent box-making plant, work performed at defendant's Dale Unit No. 4 in 1994 to 1995, and work performed at defendant's Dale Unit No. 3 in 1996 to 1997.[1]

## II. EKPC'S MOTION FOR A PROTECTIVE ORDER

As grounds for its motion for a protective order, EKPC states that in subpoenas plaintiff has issued to seven nonparty contractors[2] and in plaintiff's discovery requests served on EKPC, plaintiff seeks discovery concerning EKPC's projects that occurred both *before* and *after* the specific projects identified in the complaint that comprise plaintiff's cause of action against it. More particularly, EKPC asserts that the seven subpoenas and discovery requests at issue seek information regarding other activities conducted on these same units identified in the complaint (Spurlock Unit No. 2, Dale Unit No. 4, and Dale Unit No. 3) and activities conducted on other units that were not referenced in the complaint. Specifically, EKPC seeks a protective order prohibiting discovery on Spurlock Unit No. 1 and the 1997 turbine work on Spurlock Unit No. 2, urging that discovery herein should be confined to the following projects:

- projects performed on Spurlock Unit No. 2 in 1992 to convert Unit No. 2 from an electricity-generating-only unit to a cogeneration unit (Complaint at ¶ 49)

---

[1] Pursuant to numerical ¶ 11 of the district court's Third Amended Scheduling Order entered on November 21, 2005, all discovery disputes were referred to the Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A). [DE #52].

[2] The seven, nonparty contractors to whom subpoenas have been issued are Babcock & Wilcox, Riley Power, Yuba Heat, Barron Industries, General Electric, Black & Veatch, and Alstom Power.

- projects performed on Dale Unit No. 4 in 1994 to 1995 (Complaint at ¶ 60)
- projects performed on Dale Unit No. 3 in 1996 to 1997 (Complaint at ¶ 76)

As grounds for this argument, EKPC points out that the Notice of Violations (NOVs) EPA issued to it in January and July of 2003, specifically identified four EKPC projects that allegedly violated the Act and Kentucky's SIP: (1) a project at Dale Unit No. 4 in 1994-1995 that involved component replacements to convert the Dale Unit No. 4 boiler from a pressurized furnace to a balance draft furnace; (2) a 1996 project at Dale Unit No. 3 that involved the routine maintenance, repair and replacement of certain boiler components, as well as pollution control projects; (3) a 1992 project at Spurlock Unit No. 2 to extract steam and supply it to an adjacent box-making plant; and (4) a 1997 project at Spurlock Unit No. 2 that involved the replacement of some turbine components. EKPC contends that since the EPA's NOVs concern only the foregoing projects, EPA lacks jurisdiction to bring suit against it on any projects not included in its NOVs; therefore, plaintiff should be barred from obtaining discovery on any projects other than the ones identified in its NOVs.

In response, plaintiff argues that it is entitled to the requested discovery at issue because (1) it is relevant to the claims and defenses asserted herein, (2) discovery should not be limited to information specifically within the claims in the pleadings, and (3) EKPC has not established good cause for a protective order. For these reasons, plaintiff asserts that EKPC's motion for a protective order should be denied.

In reply, EKPC advises that it understands that the third-party independent contractors served with subpoenas have complied with the subpoenas and have completed their document production. Therefore, EKPC acknowledges that its motion for a protective order is moot with respect to those subpoenas; however, EKPC points out its motion for a protective order is not moot with respect to plaintiff's discovery requests served on it which seek similar information concerning work performed on Spurlock Unit No. 1 and the 1997 turbine work on Spurlock Unit No. 2.

## Analysis

In considering this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26(b)(1), subsequent to the 2000 amendment thereto, which permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . Relevant evidence need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Additionally, the Magistrate Judge is guided by the statutory scheme of the Clean Air Act, which, as set out in greater detail below, provides that an alleged violator be notified of the specific violation as a prerequisite to maintaining a civil action against the alleged violator.

Section 113(a)(1) of the Act, 42 U.S.C. § 7413(a)(1), provides that prior to filing a civil action against an alleged violator, the EPA must first issue a NOV to the alleged violator. Thirty (30) days subsequent to the issuance of a NOV, the EPA may then bring a civil action against the alleged violator. "The requirement is jurisdictional." *United States v. Ford Motor Co.*, 736 F.Supp. 1539, 1550 (W.D. Mo. 1990). Thus, "EPA is empowered to bring . . . a civil suit *only* on the basis of the *specific* violation alleged in the NOV. . .." *United States v. Louisiana-Pacific Corp.*, 682 F.Supp. 1141, 1155 (D. Colo. 1988) (emphasis added); *see also United States v. Brotech Corp.*, No. Civ. A. 00-2428, 2000 WL 1368023, at *2 (E.D. Pa. Sept. 19, 2000) ("[Section] 113(a)(1) requires that an alleged violator receive notice of specific violations of the State Implementation Plan or permit regulations before EPA can file a civil action"). EPA cannot "expand [the suit] beyond the specific violations alleged in th[e] letter." *Id.* "As a result, *not every violation of the PSD provisions is actionable,* but only those where the alleged offender is notified of the violation . . .." *Louisiana-Pacific Corp.*, 682 F.Supp. at 1155 (emphasis in original). "[T]o allow the EPA to notify the alleged of one violation, and then bring a civil action on basis [of] another violation (different than that alleged in the notice) . . . would completely frustrate the notice requirement created by Congress." *Id.* at 1128.

As previously stated, in the present action, in January and July of 2003, the EPA issued two NOVs to EKPC, which specifically identified the following four EKPC projects that allegedly violated the Act and Kentucky's SIP: (1) a project at Dale Unit No. 4 in 1994-1995 that involved component replacements to convert the Dale Unit No. 4 boiler from a pressurized furnace to a balance draft furnace; (2) a 1996 project at Dale Unit No. 3 that involved the routine maintenance, repair and replacement of certain boiler components, as well as pollution control projects; (3) a 1992 project at Spurlock Unit No. 2 to extract steam and supply it to an adjacent box-making plant; and (4) a 1997 project at Spurlock Unit No. 2 that involved the replacement of some turbine components.

It is clear from the plain language of 42 U.S.C. § 7413(a)(1) that to set the stage for the filing of a civil action against EKPC, the EPA was required to issue a NOV to EKPC to put it on notice of the alleged violation(s) of the Act. The EPA complied with the Act by issuing NOVs to EKPC concerning the foregoing four projects and then filed the instant action against EKPC that referenced only three of these four projects.[3]

Based on well-settled law that the EPA may only bring a civil action against an alleged violator of the Act on the basis of the charged violation(s) contained in a NOV previously issued to that alleged violator, the Magistrate Judge concludes that plaintiff lacks jurisdiction to assert any claims against EKPC that were not contained in the NOVs to EKPC. Likewise, it follows that plaintiff should be barred from obtaining discovery from EKPC concerning projects that were not contained in the NOVs and then contained in its complaint, since discovery concerning these other projects has no relevance to the claims or defenses asserted herein in respect to the three projects that form the basis for plaintiff's complaint against EKPC.

---

[3] For reasons unknown to the court, plaintiff's complaint made no reference to and did not charge a violation of the Act with respect to the 1997 project at Spurlock Unit No. 2 that involved the replacement of some turbine components. However, since EKPC was put on notice of this alleged violation in the NOV, plaintiff could move for leave to amend its complaint to include this alleged violation. If plaintiff's complaint were amended to assert a claim for a violation of the Act with respect to the 1997 project at Spurlock Unit No. 2 that involved the replacement of some turbine components, then plaintiff could obtain discovery on that claim, as EKPC was put on notice of this claim in the NOV.

The Magistrate Judge is unpersuaded by plaintiff's argument that its complaint is "broad" enough to encompass other EKPC projects that violated the Act and that it should not be limited in discovery to the projects specifically pled. Plaintiff's statement that EKPC undertook "one or more major modifications" is too broad and too vague to comply with the requirements of notice pleading. In a nutshell, plaintiff is not free simply to recharacterize its complaint as being "broad" enough to permit it to obtain discovery from EKPC on projects not identified in the complaint. This argument also ignores the basic jurisdictional requirement of the Act that plaintiff cannot bring an action against an alleged violator of the Act without first having put the alleged violator on notice of the alleged violation. Consequently, if there is no jurisdictional basis for a claim, there is also no basis for allowing plaintiff to obtain discovery on said claim.

The Magistrate Judge is also unpersuaded by plaintiff's argument that lack of jurisdiction is no basis for granting EKPC's motion for a protective order, since its complaint was also filed under 42 U.S.C. § 7477 which has no jurisdictional prerequisite. 42 U.S.C. § 7477 authorizes the EPA to bring an action "*to prevent* the construction or modification of a major emitting facility which does not conform to the requirements of this part, or which *is proposed to be constructed . . .*" (emphasis added). This action concerns projects and/or modifications that were completed years ago, not *proposed* projects.

For all of the foregoing reasons, the Magistrate Judge concludes that EKPC's motion for a protective order has merit.

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion for a protective order [DE #21] prohibiting plaintiff from obtaining discovery from it concerning Spurlock Unit No. 1 and the 1997 turbine work on Spurlock Unit No. 2 is **GRANTED**.

This __1st__ day of December, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE