UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**

DEC 0 5 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 04-34-KSF

UNITED STATES OF AMERICA,

PLAINTIFF

V.                    **MEMORANDUM ORDER**

EAST KENTUCKY POWER
COOPERATIVE, INC.,

DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On January 28, 2004, plaintiff filed this action against defendant East Kentucky Power Cooperative, Inc. ("EKPC"), pursuant to Sections 113(b) and 167 of the Clean Air Act ("the Act"), 42 U.S.C. §§ 7413(b) and 7477, for injunctive relief and the assessment of civil penalties for violations of the Prevention of Significant Deterioration ("PSD") provisions of the Act, 42 U.S.C. §§ 7470-92, the New Source Performance Standards ("NSPD") of the Act, 42 U.S.C. § 7411, Title V of the Act, 42 U.S.C. § 7661 *et seq*., and the State Implementation Plan ("SIP") adopted by the Commonwealth of Kentucky and approved by the United States Environmental Protection Agency ("EPA") pursuant to § 110 of the Act, 42 U.S.C. § 7410.

Plaintiff alleges that various violations of the Act occurred at the following three plants: Spurlock Steam Plant, Unit No. 2; Dale Steam Plant, Unit No. 4, 1994-1995 Project; Dale Steam Plant No. 3, 1996 Project.

Plaintiff seeks injunctive relief, an Order directing EKPC to remedy its past violations of the Act and to otherwise comply with the Act, an Order directing EKPC to conduct audits of its operations to determine if any additional modifications have occurred that would require compliance with the Act and to report the results of these audits to the plaintiff, an Order directing EKPC to take other appropriate actions to remedy, mitigate, and offset the harm to public health and the

environment resulting from its violations of the Act, the assessment of statutory, civil penalties against EKPC for its violations of the Act, and its costs of this action.

This matter is before the court on the defendant's motion to compel the production of thirty-five (35) documents ("the Impasse Documents") plaintiff has withheld on the grounds that said documents are protected by the deliberative process privilege, and on the plaintiff's related, cross-motion, filed pursuant to Fed.R.Civ.P. 26, for a protective order specifying that the Impasse Documents at issue are exempt from disclosure by reason of the deliberative process privilege and/or the attorney/client privilege and/or work product doctrine. These two motions have been fully briefed and are ripe for review.[1]

## II.   DEFENDANT'S MOTION TO COMPEL AND PLAINTIFF'S CROSS-MOTION FOR A PROTECTIVE ORDER

These two mirror-image motions concern 35 documents ("the Impasse Documents")[2] which plaintiff contends are protected by a combination of the deliberative process privilege and/or attorney/client privilege and/or work product doctrine. On the other hand, defendant asserts that plaintiff has failed to satisfy its burden of showing that any privilege is applicable to the Impasse Documents and/or that it has waived the privilege. Defendant also asserts that even if the Impasse Documents were protected by the deliberative process privilege, its "substantial need" for these documents trumps the deliberative process privilege, a qualified privilege, in this instance; therefore, the Impasse Documents should be produced.[3]

---

[1] Pursuant to numerical ¶ 11 of the district court's Third Amended Scheduling Order entered on November 21, 2005, all discovery disputes were referred to the Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A). [DE #52].

[2] Pursuant to the Order of August 30, 2005, plaintiff submitted the Impasse Documents to the Magistrate Judge for *in camera* review.

[3] Defendant also notes that the Impasse Documents could be produced pursuant to the Stipulated Protective Order Regarding Confidential Information and Documents entered herein on January 11, 2005 [DE #14], whereby these documents would be used only in the context of this litigation and would be viewed only by defendant's counsel, which would eliminate any possible prejudice to plaintiff by such production.

## Applicable Law

The deliberative process privilege is a qualified privilege that may protect governmental agency documents that are "pre-decisional" and "deliberative." A document is "pre-decisional" when it is "received by the decisionmaker on the subject of the decision prior to the time the decision is made" and "deliberative" when it "reflects the give-and-take of the consultative process." *Norwood v. Federal Aviation Administration*, 993 F.3d 570, 576 (6ᵗʰ Cir. 1993) (internal quotation marks and citations omitted). Memoranda which are written in the process of issuing an agency decision, but which are "statements of policy and interpretations adopted by the agency," rather than merely deliberative material, are not protected by the deliberative process privilege. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 153 (1975); *Falcone v. IRS*, 479 F.Supp. 985, 988 (E.D. Mich. 1979). Although advice, opinions, and recommendations constitute deliberative material that can fall within the privilege, purely "factual" and "investigative" matters do not. *Florida House of Representatives v. U.S. Dep't of Commerce*, 961 F.2d 941, 947-49 (11ᵗʰ Cir. 1992).

Being a qualified privilege, the deliberative process privilege is not absolute. Thus, even if the government properly asserts the privilege to a document, a party can overcome the privilege and obtain the document upon a showing of substantial need for it. *See White Rubber Co. v. United States*, No. 5:90 cv 1641, 1991 U.S. Dist. LEXIS 5201, at *9 (N.D. Ohio April 5, 1991); *see also Ferrell v. U.S. Dep't of Housing and Urban Dev.*, 177 F.R.D. 425, 428-31 (N.D. Ill. 1998) (court held that plaintiffs had a "weighty" need for the privileged documents and ordered HUD to produce the documents withheld as privileged under the deliberative process privilege). A party may overcome the privilege by showing that the evidentiary need outweighs the harm that may result from disclosure. *See First Heights Bank, F.S.B. v. United States*, 46 Fed. Cl. 312, 320-21 (2000); *United States v. Ernstoff*, 183 F.R.D. 148, 153 (D.N.J. 1998).

Courts apply a balancing test to weigh the public interest in nondisclosure with the need for the information. *See In re Franklin Nat'l Bank Sec. Litig.*, 478 F.Supp. 577, 583 (E.D.N.Y. 1979); *Federal Deposit Ins. Corp. v. Hatziyannis*, 180 F.R.D. 292, 293-94 (D. Md. 1998). In conducting

3

this balancing test, courts look to a number of factors: (1) the role of the government in the litigation; (2) the relevance of the evidence to the lawsuit; (3) the availability of alternative evidence on the same matters; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. *See In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 145 F.3d 1422, 1423-24 (D.C. Cir. 1998). If, upon weighing these factors, the court finds the party's need for the documents outweighs the government's interest in protecting its deliberations, the court may order the documents to be produced.

**Analysis**

In considering this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26(b)(1), subsequent to the 2000 amendment thereto, which permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . Relevant evidence need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

The Magistrate Judge's conclusion as to whether the deliberative process privilege, as well as any other privilege, exempts each of the Impasse Documents from disclosure to the defendant is set out, on a document-by-document basis, below:

**1.     Document 008-968-1 023715**

This document is an internal memorandum wherein one EPA employee informs another EPA employee what the correct policy is, which appears to be the official position of the agency. Additionally, this document contains substantial factual information that is not protected by the privilege. *See Parke, Davis*, 623 F.2d at 5 (the privilege "does not protect purely factual, investigative materials from compelled disclosure") (quotation and citation omitted).

Contrary to plaintiff's argument, this document is not pre-decisional or deliberative. Consequently, the Magistrate Judge concludes that, with the exception of the last paragraph of this

4

document, it is not protected by the deliberative process privilege. The last paragraph of this document is protected by the privilege and should be redacted.

Plaintiff is directed to redact the last paragraph of this document and to produce this document, as redacted, to defendant.

**2.      Document 010-970-1 023726, 023726.01-.08**

This document is comprised of four documents. The first document, 023726, is a note from "Bob M.," which plaintiff believes is probably Robert Martineau, a staff attorney in the EPA Office of General Counsel, to Michael Winer, Assistant General Counsel for Air and Radiation in the EPA Office of General Counsel, regarding an "attempt at a response" to a request from EPA Region 1 which concerns the issue of how to deal with catastrophic failure of equipment. Subsequently, defendant withdrew its request for this document; therefore, it needs no further consideration.

The third and fourth documents, 023726.03-.08, are (1) the final publicly available applicability determination regarding a rebuilt recovery boiler from John S. Seitz, the Director of the Stationary Source Compliance Division of the EPA Office of Air Quality Planing and Standards to Louis F. Gitto, Director of the Sir Management Division of EPA Region 1, and (2) the request from Mr. Gitto to Mr. Seitz for the applicability determination. Plaintiff advises that it has previously produced these documents to defendant; therefore, they require no further consideration.

The second document, 023726.01-.02, is a draft of the third document, the final applicability determination, and contains extensive handwriting in the margin of this document, which plaintiff asserts shows the give-and-take within the agency before the document became final. Plaintiff submits that the second document is an internal, pre-decisional document that is protected by the deliberative process privilege.

Although both parties present good arguments in support of their respective positions concerning the release of the second document, the Magistrate Judge finds defendant's argument more persuasive. Defendant's substantial need for this document, which deals with the CAA

5

Modification Rules under the NSPS program, outweighs the any qualified deliberative process privilege asserted thereto by plaintiff. The second document should be provided to defendant.

3.      **Document 017-1538-2 EPA1OEP002387-89**

This document is an internal memorandum reflecting notes of a telephone call concerning the application of the CAA Modification Rules. Although the author of this memorandum is unknown, it summarizes a call from Dennis Crumpler, an EPA Environmental Engineer of the Office of Air Quality, Planning & Standards ("OAQPS") reflecting staff, not final agency, opinion regarding the subject of "routine replacement and de minimis emission increases."

Although it is a close call, the Magistrate Judge is persuaded by plaintiff's argument that this document is protected by the deliberative process privilege.

4.      **Document 029-205 EPA3GEN 002090-95**

This document was written by James Jackson, an attorney in EPA's Air Enforcement Division of the Office of Enforcement and Compliance Assurance ("OECA"), and reflects *his personal views* concerning the "Physical and Operational changes at Coal-Fired Electric Utilities that May Trigger NSR/PSD," not the final or official views of the agency. The boldface type in the document indicates subject areas for further investigation before the document is finished.

The Magistrate Judge concludes that this document is exempt from disclosure because (1) it is a pre-decisional, draft document which reflects personal views, not the final or official view of the agency, and (2) it is also arguably protected by the attorney/client privilege, as it was written by an EPA attorney.

5.      **Document 032-211-1 EPA3GEN 004321-31**

This document was written by James Jackson, an attorney in EPA's Air Enforcement Division of OECA, and reflects *his personal views* concerning the "Nox/Utility Initiative - NSR/PSD/NSPS Framework," not the final or official views of the agency. The boldface "Notes," brackets, and suggestions in the document indicates the author's personal views.

The Magistrate Judge concludes that this document is exempt from disclosure because (1) it is a document which reflects personal views, not the final or official view of the agency, and (2) it is also arguably protected by the attorney/client privilege, as it was written by an EPA attorney.

**6.    Document 033-215-1 EPA3GEN 005194-98**

With the exception of the cover page (EPA3GEN002090) identifying the author, the addressee (noxlist), the date, and the subject matter, this document is identical to Document 029-205 EPA3GEN 002090-95.  Plaintiff explained that due to the fact that the United States collected thousands of documents from hundreds of EPA employees at all ten EPA Regions, OAQPS, EPA Headquarters, and the Federal Records Center, in certain instances, the same document was produced more than once, since it was circulated to more than one EPA employee for internal review and comment.

Consequently, the Magistrate Judge concludes that this document is exempt from disclosure for the same reasons Document 029-205 EPA3GEN 002090-95 is exempt, as they are identical documents.

**7.    Document 038-606 EPA3GEN 025391**

This document is a staff e-mail from Renu Chakrabarty, a member of the technical staff of the West Virginia Department of Environmental Protection ("WVDEP") to Dianne Walker, a member of the permits branch of the Air Protection Division of EPA Region 3.  This document concerns a segment of a proposed regulation and contains extensive handwriting in the margins surrounding the text of the e-mail.  Since this e-mail is from a third party, WVDEP, and is not specifically related to an enforcement action, the United States advises that it is willing to produce this document with the handwritten notes of the EPA staff member redacted therefrom, since these handwritten notes reflect the personal views of a single staff member, not the final position of the agency.

Based on the representation by the United States that the handwritten notes in the margin of this document are from Dianne Walker, an EPA staff member, the Magistrate Judge concludes that

these handwritten notes should be redacted because they reflect her personal views rather than the final position of the agency. This document should be produced in redacted form.

**8.     Document 040-615-1 EPA3GEN 028863-66**

This document is entitled New Source Review Lookback (Includes Best Available Control Technology/Lowest Achievable Emission Rate Lookback) and is from the files of Mike Markowski, a member of the technical staff of the Air, Radiation & Toxics Division of the EPA Region 3.

The face of this document does not reflect its author; however, plaintiff represents that it was written by an EPA technical staff member, Mike Markowski. Based on this representation and based on a review of the document, the Magistrate Judge concludes that it is protected by the deliberative process privilege, since it reflects the personal views of Mr. Markowski, as opposed to the official view of the agency.

**9.     Document 041-527 EPA3GEN 03115-116**

This document is two pages of handwritten notes dated November 5, 1997, taken by Patrick Foley, an engineer in the Air Enforcement Division at EPA Region 3, regarding a conference call among various EPA offices concerning the application of the CAA Modification Rules – specifically, whether the Best Available Control Technology ("BACT") applies to "debottlenecked utility units."

Although these handwritten notes do not identify the author thereof, plaintiff represents that the author is Patrick Foley, an engineer at EPA Region 3. The Magistrate Judge concludes that this document is pre-decisional and reflects deliberations within the agency about how to formulate and apply agency policy (the CAA Modification Rules) to debottlenecked utility units. Therefore, this document is protected by the deliberative process privilege.

**10.    Document 046-580 EPA3GEN 051720-21**

This document is an internal e-mail dated July 1, 1998, from Patrick Foley, an EPA region 3 engineer in the Air Enforcement Division, to James Hagedorn, his supervisor in this same EPA division, concerning Mr. Foley's input regarding a "hypothetical" regarding PSD applicability.

This document is pre-decisional, deliberative, and contains the personal views of its author, rather than the final views of the agency on this matter. Therefore, the Magistrate Judge concludes that this document is protected by the deliberative process privilege.

**11.    Document 063-1957 EPA4ENF 023810-31**

This document consists of a cover note and memorandum dated June 18, 1997, written by EPA consultants, Ajay Chanda and Bennett Know, employees of Science Applications International Corporation ("SAIC"), that was sent to Wendell Reed, an engineer in the Air Enforcement Section of EPA Region 4, concerning a draft review of the plywood and MDF facilities operated by Willamette Industries in EPA Region 4. This memorandum contains SAIC's preliminary review of responses by Williamette to information requests sent to it by EPA.

A thorough review of this document reflects that it contains the preliminary views of a consultant, not the final views of the agency, and that it was prepared in anticipation of litigation. Consequently, the Magistrate Judge concludes that this document is protected by both the deliberative process privilege and the work product doctrine, which apply not only to documents prepared by a party, but also to documents prepared by a "party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) . . ." Fed.R.Civ.P. 26(b)(3).

**12.    Document 064-1958 EPA4ENF 023903-905**

This document consists of three pages of undated, handwritten notes by Wendell Reed, an engineer in the Air Enforcement Section of EPA Region 4, concerning potential litigation with Williamette Industries on the same subject matter as the above-referenced item number 11.

The Magistrate Judge concludes that this document is pre-decisional, deliberative, and was prepared in anticipation of litigation. Therefore, it is protected by both the deliberative process privilege and the work product doctrine.

**13.    Document 065-1959 EPA4ENF 023906-33**

9

This document is a memorandum dated September 30, 1996, from Karin Krchank of SAIC to Dick Dubose, Chief of the Air Enforcement Section of EPA Region 4, concerning compliance summaries and tables for Williamette Industries' facilities in Region 4.

The Magistrate Judge is unpersuaded by plaintiff's argument that this document is privileged. This document consists of tables on measurements and calculations, purely factual information that is not protected by the deliberative process privilege. Therefore, this document should be provided to defendant.

**14.     Document 066-1960 EPA4ENF 023983-84**

This document consists of two pages of undated, typewritten notes from the files of Wendell Reed, an EPA engineer. The United States advises that it has reconsidered its position concerning the production of this document and that it is willing to provide it to defendant in redacted form. While most of the information in this document is purely factual, the United States proposed to redact the two paragraphs below the heading on page 2 entitled "**Discussion of Actual Increases From 1985 to 1991,**" asserting that these two paragraphs reflect the personal opinions of the author, not the final position of the agency.

Upon review of this document, the Magistrate Judge is unpersuaded by plaintiff's argument that this document should be redacted. The two paragraphs under the heading on page 2 entitled "**Discussion of Actual Increases From 1985 to 1991**" are essentially a summary of historical, factual information that is not protected by the deliberative process privilege. Consequently, this document should be produced as is, with no redactions thereto.

**15.     Document 094-113 EPA4ORC 001819-20**

This is a two-page, undated document entitled "*Draft Enforcement Guidance - Routine Maintenance, Repair and Replacement,*" which plaintiff represents is from the files of Charles Mikalian, an attorney with the Office of Air, Toxics and General Law, EPA Region 4, concerning the issue of "routine maintenance, repair and replacement." In capitalized, bold-faced, underscored type at the top of each of page of this document is the following heading: "**ENFORCEMENT**

10

**SENSITIVE - NOT RELEASABLE UNDER FOIA.**" Plaintiff asserts that this document is exempt under the deliberative process privilege because it is pre-decisional and reflects the views of the author, rather than the official position of the agency.

Plaintiff is correct that this document reflects the views of the author, as opposed to the official position of the agency; therefore, the Magistrate Judge concludes that it is protected by the deliberative process privilege.

**16.    Document 095-482 EPA4ORC 018519-22**

This document is a chain of several internal e-mails dated April 10 and 11, 2000, among Dan Rodriquez, Laura Hartman, and Angela Blackwell, who plaintiff represents are EPA employees who are members of the "permits listserve" e-mail group.  These e-mails discuss an employee's understanding or interpretation of the basis for EPA Region 7's position/rationale in a letter to the Sunflower company; however, the author notes that the rationale is not stated in the letter itself. Plaintiff submits that these e-mails do not represent the final decision of the agency with respect to the Sunflower company and only reflect the personal opinion of the author, not the position of the agency; for this reason, plaintiff contends that this document is protected by the deliberative process privilege.

Plaintiff is correct that this document reflects the views of the author, as opposed to the official position of the agency; therefore, the Magistrate Judge concludes that it is protected by the deliberative process privilege.

**17.    Document 096-1987-2 EPA4ORC 004783-85**

Plaintiff explains that this document, with the exception of the cover e-mail, is the same document as that described in item number 15 above (**Document 094-113 EPA4ORC 001819-20**) with a different bates number.  The cover e-mail dated January 8, 1999, is from Charles Mikalian, attorney at EPA Region 4 to Alan Dion, Melissa Ward, and Angelia Blackwell, all also attorneys at Region 4.  In this cover e-mail, Mr. Mikalian requests comments from the other attorneys regarding the attached draft guidance.

For the same reasons stated above in reference to the court's ruling that **Document 094-113 EPA4ORC 001819-20** is protected by the deliberative process privilege, the present document, two pages of which are the same document as item number 15 above, is also protected by the deliberative process privilege. The cover e-mail of this document is also protected by both the deliberative process privilege as well as the attorney/client privilege.

18.    **Document 131-2000-2 EPA4PER 051054-59**

This document is an agenda dated November 5, 1987, followed by handwritten and typewritten notes related to an upcoming internal EPA monthly conference call concerning a variety of NSR topics under discussion at the agency. Plaintiff asserts that the agenda and related notes are pre-decisional to any final decisions made on these subjects and outline upcoming deliberations of the participants on the subject matter.

Plaintiff's argument that this document is protected from disclosure by the deliberative process privilege is undercut by the fact that plaintiff has produced at least two other similar documents concerning an agenda for a conference call. See Exhibits 24 and 25 to defendant's Motion to Compel Production of Documents - DE #37. Defendant points out that EPA has produced dozens of similar documents regarding other calls in this series, and argues that such selective production results in subject matter waiver.

Upon review of Exhibits 24 and 25 to defendant's Motion to Compel Production of Documents, the Magistrate Judge is persuaded by defendant's argument that plaintiff has waived the deliberative process privilege with respect to this document due to its selective production of similar documents outlining conference call agenda. Thus, defendant is entitled to this document.

19.    **Document 135-55 EPA5EA 002842**

This one-page document consists of e-mails dated November 15, 1996, between Diane Sipe, Chief of the EPA Enforcement Section, Regulation Development Branch, Region 5, and Cheryl Newton, an EPA Region 5 employee. In her e-mail to Ms. Newton, Ms. Sipe states that she has asked Linda Hamsing, an EPA engineer in the Air Enforcement Section, to prepare comments to

12

address issues raised in the e-mail from Ms. Newton. Ms. Hamsing and George Czerniak are copied on the Newton e-mail.[4] Plaintiff asserts that these e-mails are pre-decisional to any resolution of the issues raised and express only the personal views of the authors; therefore, they are exempt from disclosure.

This document contains the personal thoughts of these two EPA employees. Thus, it is clear that it is protected by the deliberative process privilege.

**20.    Document 150-2165 EPA5EC 025252-53**

This document is a two-page Issue Paper dated January 25, 2001, which plaintiff represents to be from the files of Shaheerah Fateen, an engineer from EPA Region V, concerning his view of EPA Region V's position as to whether periodic replacement of a gas generator section of a turbine at Great Lakes Gas Transmission Company is subject to PSD regulations. This paper states that Region V is seeking concurrence from EPA headquarters by January 31, 2001.

Upon review of this document, the Magistrate Judge concludes that it is protected by the deliberative process privilege because (1) it is pre-decisional to a final applicability determination, and (2) does not reflect the official position of the agency on the subject matter of the Issue Paper.

**21.    Document 157-2222 EPA5ORCA 002170-74**

This document is an undated memorandum entitled "Rochester Public Utility/Mayo Clinic Project Update," which plaintiff represents to be from the files of Fateen Shaheerah, an EPA Region V engineer. This memorandum summarizes a discussion among EPA Region V, other EPA Regions, and EPA Headquarters as to whether a proposal from Rochester Public Utility to modify boilers to produce steam heating in addition to electricity should trigger BACT for the boiler.

In considering this document, the Magistrate Judge notes that it was not sent to anyone else within the agency, appearing to be a memorandum Mr. Shaheerah prepared for his own files to memorialize and to assist his understanding of the various positions of the different EPA regions and

---

[4] Plaintiff advises that George Czerniak is the Chief of EPA Region V Air Enforcement and Compliance Assurance Branch.

the facilities regarding the applicability of the PSD regulations to a proposed modification to RPU's boilers and whether such modification would trigger BACT for the boiler. Given that fact, this document can hardly be classified as "deliberative," as it appears not to have been reviewed by anyone else at EPA and was prepared to assist Mr. Shaheerah's own understanding of this matter.

Additionally, defendant advises that the RPU project that is the subject of this memorandum was similar in all relevant respects to the Spurlock Steam Extraction Project on Spurlock Unit 2 and notes that EPA did not require RPU to obtain a PSD permit for its project because EPA took the position that the RPU project did not represent or cause a modification at all, exactly opposite of EPA's position taken on its Spurlock Steam Extraction Project on Spurlock Unit 2. Defendant argues that due to these inconsistent positions taken by EPA on very similar projects, it is entitled to this document to show the internal confusion within the agency concerning the applicability of the CAA Modification Rules to this type of project.

The Magistrate Judge concludes that since this document is not "deliberative," it is not protected by the deliberative process privilege and should be provided to defendant.

**22. Document 194-2391 EPA8PER 1676-91**

This document is actually comprised of the following two draft documents: an undated, seven-page document entitled "PHYSICAL AND OPERATIONAL CHANGES AT COAL-FIRED ELECTRIC UTILITIES THAT MAY TRIGGER NSR/PSD," and a nine-page document dated October 21, 1998, entitled "NOX/UTILITY INITIATIVE - NSR/PSD/NSPS FRAMEWORK," prepared by J.K. Jackson. Plaintiff represents that both documents were prepared by James Jackson, an attorney at EPA headquarters (OECA). In capitalized, bold-faced, underscored type at the top of each of page of these two documents is the following heading: "**ENFORCEMENT SENSITIVE - NOT RELEASABLE UNDER FOIA.**" Additionally, the word "draft" in large letters is stamped across the text of each page of these two documents. Plaintiff contends that since these two documents were shared with other EPA attorneys and other personnel at EPA for comment purposes,

these documents are protected not only by the deliberative process privilege, but also the attorney/client privilege.

The two documents that comprise **Document 194-2391 EPA8PER 1676-91** are substantially similar to **Document 029-205 EPA3GEN 002090-95**, **Document 032-211-1 EPA3GEN 004321-31**, and **Document 033-215-1 EPA3GEN 005194-98**, documents also written by James Jackson, the same EPA attorney who wrote these two documents. For the same reasons stated above in concluding that **Document 029-205 EPA3GEN 002090-95**, **Document 032-211-1 EPA3GEN 004321-31**, and **Document 033-215-1 EPA3GEN 005194-98**, were exempt from disclosure, the Magistrate Judge also concludes that **Document 194-2391 EPA8PER 1676-91** is also exempt from disclosure to defendant.

23.     **Document 196-2524 EPA8SIP 7417-23**

This document is an undated, seven-page document entitled "PHYSICAL AND OPERATIONAL CHANGES AT COAL-FIRED ELECTRIC UTILITIES THAT MAY TRIGGER NSR/PSD," and is the same document, with a different bates number, as the first of the two documents that comprise **Document 194-2391 EPA8PER 1676-91**, discussed above. Consequently, this document is exempt from disclosure for the same reasons stated above in item number 22.

24.     **Document 199-190-1 EPACAMD 009270-71**

This document, consisting of two pages, is undated and is entitled "**The WEPCO Rule.**" Plaintiff represents that it is from the files of R. Morgan, an EPA employee in the Utility Regulatory Program, Acid Rain Division, Office of Air and Radiation. Plaintiff also advises that WEPCO is its abbreviation for the case of *Wisconsin Electric Power Co. v. Reilly*, 893 F.2d 901 (7th Cir. 1990), and that WEPCO is a landmark decision interpreting the NSR/PSD provisions of the Clean Air Act. Plaintiff also advises that in other similar litigation, the court ordered that this document be released with portions thereof redacted, *viz.,* the bottom one-third of the first page and the top one-third of the second page.

Upon review of this document, the Magistrate Judge concludes that the portion of this document under the subheading "**Why We are Reconsidering WEPCO**" should be redacted down to the subheading on page 2 entitled "**Positions of Various Stakeholders**," as it reflects the author's personal views rather than the agency's official position. This redaction encompasses approximately the bottom one-third of page 1 and approximately one-third of the top of page 2. The remainder of this document appears to contain factual information which is not protected by the deliberative process privilege and should be produced to defendant.

**25.     Document 204-347 EPAOAQ 0002867-70**

This four-page document entitled "WHITE HOUSE BRIEFING ON WEPCO RULES" is dated March 26, 1991. Plaintiff represents that this document is from the files of David Solomon, an engineer with the EPA Office of Air Quality Planning and Standards. Plaintiff asserts that this document is protected by the deliberative process privilege because (1) it is pre-decisional, as it was written prior to any final EPA rule-making or other action related to the WEPCO decision, and (2) it is deliberative, since it only expresses Mr. Solomon's personal views concerning the EPA's response to the Department of Energy's comments on the WEPCO decision.

Although defendant makes a good argument for the release of this document, the Magistrate Judge is more persuaded by plaintiff's argument that this document is protected by the deliberative process privilege, since it is both pre-decisional and deliberative.

**26.     Document 211-372 EPAOAQ 0005921-36**

This document consists of a cover telefax sheet dated February 20, 1990, and an attached memorandum from Greg Foote, an EPA attorney in the Office of General Counsel of the Air and Radiation Division, to David Solomon, an engineer with EPA's Office of Air Quality Planning and Standards. This memorandum is entitled "OPTIONS FOR ADDRESSING WEPCO AND ACTUAL-TO-POTENTIAL ISSUE". Plaintiff contends that this document is exempt from disclosure because (1) it is pre-decisional, as it was written prior to any final EPA rule-making or other action by EPA in response to the WEPCO decision, and (2) it is deliberative, since it only

expresses Mr. Foote's personal views concerning EPA's options for addressing emissions issues post-WEPCO. Plaintiff also asserts that this document is protected by the attorney/client privilege because it is a communication by an EPA attorney to an EPA engineer.

Upon review of this document, the Magistrate Judge is persuaded that this document is protected by the deliberative process privilege, since it is both pre-decisional and deliberative, and also by the attorney/client privilege.

**27.    Document 212-373 EPAOAQ 0005950-65**

This document is the same document discussed above, but with a different bates number range. Consequently, for the same reasons stated above, this document is exempt from disclosure by reason of the deliberative process privilege and the attorney/client privilege.

**28.    Document 214-382-1 EPAOAQ 0007222-26**

This document consists of five pages of undated, typewritten notes. Plaintiff represents that this document is from the files of David Solomon, an EPA engineer. Plaintiff states that pages 0007220-21 have previously been released because they describe the WEPCO decision, and that page 0007226 has been released because it contains two hypothetical emission calculations. Plaintiff asserts that pages 0007222-25 should not be released because they only reflect the author's personal opinion on the WEPCO case, including whether rehearing is likely in that case, the implementation of the WEPCO decision, and the definition of like-kind replacement.

As plaintiff states, pages 0007222-25 contain the author's own views on the WEPCO case, including whether rehearing is likely in that case, the implementation of the WEPCO decision, and the definition of like-kind replacement. Therefore, the Magistrate Judge concludes that these pages are protected by the deliberative process privilege, since they contain the author's personal opinions on this matter, rather than the agency's final position.

**29.    Document 216-384-1 EPAOAQ 0007233-42**

This document consists of eight pages of undated, typewritten notes, similar to the preceding document described above in item number 28; however, the author of the present document is

17

unknown, and it is from the files of an unknown employee. Plaintiff states that pages 0007235-36 have previously been released because they contain the same information as 0007220-21, referenced above in item number 28. Plaintiff also states that it will voluntarily release page 0007234 because it contains the same information as 0007226. Plaintiff contends that as in item 28, pages 0007233, 37-42 should not be released because they only reflect the author's personal opinion on judgmental matters, including why rehearing is unlikely in the WEPCO case, the Office of General Counsel's recommended approach, the Office of Air and Radiation's recommended approach, implementation of the court's decision, the definition of like-kind replacement, and a proposed draft memo to several high-ranking EPA officials.

As plaintiff states, pages 0007233, 37-42 contain the author's personal opinion on judgmental matters, including why rehearing is unlikely in the WEPCO case, the Office of General Counsel's recommended approach, the Office of Air and Radiation's recommended approach, implementation of the court's decision, the definition of like-kind replacement, and a proposed draft memo to several high-ranking EPA officials. Therefore, the Magistrate Judge concludes that these pages are protected by the deliberative process privilege, since they contain the author's personal opinions on this matter, rather than the agency's final position. Additionally, if these pages of this document were obtained from the files of an EPA attorney, they would also be protected by the attorney/client privilege because they refer to the recommendations of the Office of General Counsel.

## 30.    Document 259-1142-2 EPAOAQ 082035-43

This document is a series of e-mails generated in May 2001 among members of the EPA "permits listserve" concerning a request for an applicability determination submitted by the Rochester Public Utility ("RPU") and whether the CAA Modification Rules apply to the RPU steam extraction project discussed above in item number 15. Plaintiff states that it has previously released pages 082040-43 because they contain an e-mail exchange between EPA and a state agency. Plaintiff asserts that the remaining pages are protected by the deliberative process privilege because

18

(1) they are pre-decisional to any final agency applicability determination, and (2) they reflect the deliberations among EPA staff on the subject matter.

Upon review of this document, the Magistrate Judge concludes that plaintiff correctly states that pages 082040-43 are pre-decisional and deliberative; therefore, they are exempt from disclosure under the deliberative process privilege.

**31.    Document 300-1299 EPAOGC 031633**

This six-page document, apparently from the EPA's Office of General Counsel, is an agenda for a NSR workgroup teleconference dated May 7, 2000.  The following notation appears in the upper right-hand corner of each page of this document:  **"Confidential, Internal Agency Deliberation, Do Not Release Under FOIA**."

Upon review of this document, the Magistrate Judge concludes that it is both pre-decisional and deliberative; therefore, it is protected by the deliberative process privilege.

**32.    Document 302-1316 EPAOGC 032017**

This document is a compilation of several undated documents that summarize issues in two requests for applicability determinations.  Plaintiff submits that these documents are pre-decisional because they do not represent the final applicability determinations of the agency and that they are deliberative because they reflect staff discussions, factors, and options for decision.

Plaintiff is correct.  This document is both pre-decisional and deliberative; therefore, it is protected by the deliberative process privilege.

**33.    Document 303-1231 EPAOGC 032148**

This is an undated, unsigned page of notes concerning "debottlenecking." Plaintiff represents that this document is from an unknown attorney in EPA's Office of General Counsel.  Plaintiff contends that this document is pre-decisional to any final agency action on "debottlenecking," and only reflects the personal view of the author, not the official position of the agency.

Although advice, opinions, and recommendations constitute deliberative material that can fall within the privilege, purely "factual" and "investigative" matters do not.  *Florida House of*

*Representatives v. U.S. Dep't of Commerce*, 961 F.2d 941, 947-49 (11th Cir. 1992). A review of this document reflects that with a couple of opinions by the author, this document is a factual summary about bottlenecking; therefore, the Magistrate Judge concludes that this document should be released to defendant with the following two redactions: (1) a statement in the middle of the page beginning with the word "weak" and ending with the word "operation," and (2) the last sentence of the document beginning with the word "However."

**34.   Document 307-1305 EPAOGC 032355**

This document is the same or very similar to the documents described above in item numbers 4, 5, 6, and 22.

For the same reasons stated above in respect to item numbers 4, 5, 6, and 22, the Magistrate Judge concludes that this document is also exempt from disclosure because (1) it is a pre-decisional, draft document which reflects personal views, not the final or official view of the agency, and (2) it is also arguably protected by the attorney/client privilege, as it was written by an EPA attorney.

**35.   Document 309-1309 EPAOGC 032359**

This undated, seven-page document is entitled "PHYSICAL AND OPERATIONAL CHANGES AT COAL-FIRED ELECTRIC UTILITIES THAT MAY TRIGGER NSR/PSD," and is the same document as one of the two documents comprising **Document 194-2391 EPA8PER 1676-91**, considered previously herein at item number 22.

For the same reasons stated in concluding that **Document 194-2391 EPA8PER 1676-91** was exempt from disclosure to defendant, the Magistrate Judge concludes that the present document is also protected from disclosure.

For all of the foregoing reasons, the Magistrate Judge concludes that defendant's motion to compel discovery and plaintiff's motion for a protective order each has merit in part and that each should be granted in part and denied in part.

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to compel discovery from plaintiff [DE #37], and plaintiff's motion for a protective order relieving it from producing

certain documents to defendant [DE #45] are each **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Plaintiff's motion for a protective order is **DENIED** and defendant's motion to compel discovery is **GRANTED** as to the following documents:

a. **Document 008-968-1 023715** - plaintiff is directed to redact the last paragraph of this document and produce the redacted document to defendant;

b. **Document 023726.01-.02** - plaintiff is directed to produce this document to defendant;

c. **Document 038-606 EPA3GEN 025391** - plaintiff is directed to produce this document to defendant, with the handwritten notes redacted therefrom;

d. **Document 065-1959 EPA4ENF 023906-33** - plaintiff is directed to produce this document unredacted to defendant;

e. **Document 066-1960 EPA4ENF 023983-84** - plaintiff is directed to produce this document unredacted to defendant;

f. **Document 131-2000-2 EPA4PER 051054-59** - plaintiff is directed to produce this document unredacted to defendant;

g. **Document 157-2222 EPA5ORCA 002170-74** - plaintiff is directed to produce this document unredacted to defendant;

h. **Document 199-190-1 EPACAMD 009270-71** - plaintiff is directed to redact this document beginning under the subheading on page 1 **"Why We are Reconsidering WEPCO"** down to the subheading on page 2 entitled **"Positions of Various Stakeholders,"** and to produce this document, as redacted to defendant;

i. **Document 303-1231 EPAOGC 032148** - plaintiff is directed to redact this document, as follows: (1) a statement in the middle of the page beginning with the word "weak" and ending with the word "operation," and (2) the last sentence of the document beginning with the word "However," and to produce the document, as redacted, to defendant;

21

2. Plaintiff's motion for a protective order is **GRANTED** and defendant's motion to compel

discovery is **DENIED** as to the following documents:

a. **Document 017-1538-2 EPA1OEP 002387-89**

b. **Document 029-205 EPA3GEN 002090-95**

c. **Document 032-211-1 EPA3GEN 004321-31**

d. **Document 032-215-1 EPA3GEN 005194-98**

e. **Document 040-615-1 EPA3GEN 028863-66**

f. **Document 041-527 EPA3GEN 03115-116**

g. **Document 046-580 EPA3GEN 051720-21**

h. **Document 063-1957 EPA4ENF 023810-31**

i. **Document 064-1958 EPA4ENF 023903-90**5

j. **Document 094-113 EPA4ORC 001819-20**

k. **Document 095-482 EPA4ORC 018519-22**

l. **Document 096-1987 EPA4ORC 004783-85**

m. **Document 135-55 EPA5EA 002842**

n. **Document 150-2165 EPA5EC 025252-53**

o. **Document 194-2391 EPA8PER 1676-91**

p. **Document 196-2524 EPA8SIP 7417-23**

q. **Document 204-347 EPAOAQ 0002867-70**

r. **Document 211-372 EPAOAQ 0005921-36**

s. **Document 212-373 EPAOAQ 0005950-65**

t. **Document 214-382-1 EPAOAQ 0007222-26**

u. **Document 216-384-1 EPAOAQ 0007233-42**

v. **Document 259-1142-2 EPAOAQ 082035-43**

w. **Document 300-1299 EPAOGC 031633**

x. **Document 302-1316 EPAOGC 032017**

y. **Document 307-1305 EPAOGC 032355**

z. **Document 309-1309 EPAOGC 032359**

3. Plaintiff is directed to provide the documents itemized above in numerical paragraph 1 to defendant, pursuant to the Stipulated Protective Order Regarding Confidential Information and Documents entered herein on January 11, 2005 [DE #14], within ten (10) days of the date of this Order.

4. The Impasse Documents plaintiff provided to the Magistrate Judge for *in camera* review **SHALL BE FILED UNDER SEAL**.

This _5th_ day of December, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

23